IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARL WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-13-0318 |
| | § | |
| FIRST MAGNUS FINANCIAL | § | |
| CORPORATION, FEDERAL NATIONAL | § | |
| MORTGAGE ASSOCIATION as | § | |
| TRUSTEE FOR SECURITIZED TRUST | § | |
| FANNIE MAE GUARANTEED REMIC | § | |
| PASS THROUGH CERTIFICATES | § | |
| REMIC TRUST 2007-73, MORTGAGE | § | |
| ELECTRONIC REGISTRATION | § | |
| SYSTEM a/k/a MERS, DOES 1 | § | |
| THROUGH 100, INCLUSIVE, ANY | § | |
| LAW ENFORCEMENT OFFICER | § | |
| CHARGED WITH ENFORCEMENT OF A | § | |
| WRIT OF POSSESSION, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's Application for Emergency Ex Parte Temporary Restraining Order and Request for Hearing on Preliminary Injunction ("Plaintiff's Application") (Docket Entry No. 33).   For the reasons explained below, Plaintiff's Application will be denied.

## I.  Background

Plaintiff obtained a home equity loan in 2006.[1]  "Plaintiff entered into financial difficulties thereafter in 2009, and went

---

[1]Plaintiff's Application, Docket Entry No. 33, p. 5 ¶ 15. (Page citations are to the pagination imprinted at the top of the page by the federal court's electronic filing system.)

into default on his payments."[2]  On January 1, 2013, Plaintiff's property was sold to Federal National Mortgage Association ("Fannie Mae") at a foreclosure sale.[3]  Fannie Mae obtained a judgment of eviction in June of 2013 and "a writ of possession has issued on the judgment."[4]

On June 25, 2013, Plaintiff brought this action challenging the foreclosure and making other claims in the 149th Judicial District Court of Brazoria County, Texas, where it was filed under Cause No. 73176.[5]  Defendants removed the action to this court.[6]

On May 16, 2014, "the constable notified Plaintiff that Fannie Mae had requested Plaintiff be evicted, and the constable plans to evict Plaintiff on May 27, 2014."[7]

## II.  Analysis

Plaintiff seeks a temporary restraining order to prevent the eviction.

> A movant for a preliminary injunction must demonstrate "(1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) the

---

[2] Id. ¶ 16.

[3] Id. at 4 ¶ 13; 6 ¶ 19.

[4] Id. at 4 ¶ 13.

[5] Plaintiff's Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-2, pp. 3-43.

[6] Notice of Removal, Docket Entry No. 1.

[7] Plaintiff's Application, Docket Entry No. 33, p. 4 ¶ 12.

threatened injury outweighs any damage that the injunction may cause the opposing party, and (4) the injunction will not disserve the public interest."

Reeves v. Wells Fargo Home Mortgage, 431 F. App'x 304, 305 (5th Cir. 2011) (quoting Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991)). The court has carefully considered Plaintiff's Application together with the pleadings and evidence on file and concludes that Plaintiff has not shown a substantial likelihood of success on the merits.

Moreover, this court lacks jurisdiction under the Anti-Injunction Act, 28 U.S.C. § 2283, to grant Plaintiff's requested relief. See Knoles v. Wells Fargo Bank, N.A., 513 F. App'x 414, 416 (5th Cir. 2013); Brinson v. Universal Am. Mortgage Co., No. G-13-463, 2014 WL 722398, at *2-3 (S.D. Tex. Feb. 24, 2014); Green v. Bank of Am. N.A., No. H-13-1092, 2013 WL 2417916, at *1 (S.D. Tex. June 4, 2013). In Knoles the Fifth Circuit upheld a district court's denial of a temporary restraining order that would have prevented an eviction because "[t]he relief sought, in practical effect, would enjoin [the mortgage company] from enforcing a valid extant judgment of a Texas court," holding that "[t]he district court is denied jurisdiction to grant that relief by the Anti-Injunction Act." 513 F. App'x at 416.

Plaintiff acknowledges that Fannie Mae "obtained a judgment of eviction against Plaintiff's property in Cause No. CI049404 of BRAZORIA County Court at Law No. 1; on or about June 20, 2013," and

that "[a] writ of possession has issued on the judgment."[8] Plaintiff brought this action on June 25, 2013,[9] after Fannie Mae obtained the judgment of eviction. Cf. Knoles, 513 F. App'x at 415-16; Brinson, 2014 WL 722398, at *3. "To the extent that there was a forcible detainer proceeding and an eviction order, this court lacks the ability to provide the requested relief [because] '[t]he Anti-Injunction Act generally prohibits federal courts from interfering with proceedings in state court.'" Green, 2013 WL 241796, at *1 (quoting Health Net, Inc. v. Wooley, 534 F.3d 487, 493 (5th Cir. 2008)).

## III. Conclusion and Order

Having carefully considered Plaintiff's Application, the pleadings and evidence on file, and the relevant law, the court concludes that Plaintiff's Application for Emergency Ex Parte Temporary Restraining Order and Request for Hearing on Preliminary Injunction (Docket Entry No. 33) should be and is hereby **DENIED**.

**SIGNED** at Houston, Texas, on this 23rd day of May, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[8]Plaintiff's Application, Docket Entry No. 33, p. 4 ¶ 13.

[9]Plaintiff's Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-2, pp. 3-43.